Mr. JUSTICE MORRISON
delivered the opinion of the Court.
This case is certified from U.S. District Court, the District of Montana, Missoula Division. Petitioner had filed a diversity action based upon the alleged negligence of American Airlines, Inc., in the handling and subsequent loss of petitioner’s luggage in New York City. In that complaint, plaintiff Reed affirmatively alleged that the defendant corporation was “found within Montana”. Defendant, American Airlines, filed a motion to dismiss the complaint for the reason that the United States District Court lacked personal jurisdiction over the defendant. The certification followed.
Certification presents the following issues:
“(1) Was the defendant American Airlines found in Montana?
“(2) If not, do the lettered subdivisions of Rule 4B(1) extend that jurisdiction to cases where the claim does not arise out of the doing of the acts mentioned in the lettered subdivisions?”
We find issue 1 to be dispositive.
Resolution of the first issue depends upon the facts found in this record. We therefore set them forth in detail.
Plaintiff traveled to New York City from Missoula, Montana, via Northwest Airlines on December 5,1978. Plaintiff intended to transfer flights and continue to Nepal on British Airways. During the process of transfer, the plaintiff lost a case containing in excess of $2,000 worth of professional camera equipment. The case ultimately arrived in Nepal several weeks later but was found to be empty. The damages attendant this loss formed the basis of plaintiff’s claim.
*36 Except for an infrequent charter flight, American Airlines does not fly into or out of Montana. It has no property nor personnel in Montana. It pays no taxes in Montana. American Airlines does solicit business in Montana by listings in 19 Montana telephone directories, by television advertising broadcast in Montana, and by furnishing material to travel agents in Montana. Occasionally American Airlines’ personnel come to Montana to instruct Montana travel agents. The airlines has provided a service enabling Montana residents to call toll free, scheduling flights on American Airlines. Defendant’s business originating through calls from Montana direct to American Airlines or through Montana-based travel agencies approximated $803,000 in 1980 and $992,000 from March to December of 1979.
The plaintiff is a citizen of the State of Montana. American Airlines is a Delaware corporation principally domiciled in Texas. The conduct of which plaintiff complains of defendant occurred in New York.
Under the facts above set forth, we hold that American Airlines was “found within Montana” and that there is jurisdiction in the United States District Court for the District of Montana.
Before the activities of a foreign corporation can create a physical presence within Montana, those activities must be substantial, continuous, and systematic as opposed to isolated, casual, or incidental. The activities must comprise a significant component of the company’s business, although the percentage as related to total business may be small. See, e.g., O’Neal v. Hicks Brokerage Company (4th Cir. 1976), 537 F.2d 1266; Ratliff v. Cooper Laboratories, Inc. (4th Cir. 1971), 444 F.2d 745; Lee v. Walworth Valve Co. (4th Cir. 1973), 482 F.2d 297.
We must decide where American Airlines, under the facts here before us, fits within the legal framework provided. A strikingly similar fact situation was presented in Ladd v. KLM Royal Dutch Airlines (S.D.N.Y. 1978), 456 F.Supp.422. In that case, plaintiff brought an action in Federal Court in Tennessee and the case was heard by a federal district judge *37 in New York State pursuant to 28 U.S.C. 1407. The issue was whether the Tennessee court had jurisdiction. Defendant airline had its principal place of business in the Netherlands. It was not authorized to fly into or out of any place within Tennessee. It was not authorized to do business in Tennessee and paid no taxes in that state. The airline had no office or bank account in Tennessee and did not own or lease any property there. However, the airline did maintain toll free numbers within the state and advertised in six major telephone directories. The airline supplied promotional materials to Tennessee travel agents and periodically sent personnel into Tennessee for the purpose of instructing those travel agents. Travel agencies in Tennessee accounted for total business volume in 1976 of $323,304. On these facts, the court found the defendant airline to be present in Tennessee for purpose of conferring in personam jurisdiction.
Another similar case was decided by a federal district judge in Gullett v. Qantas Airways, Ltd. (M.D. Ten.1975), 417 F.Supp. 490. In the Gullett case, the airline maintained toll free telephone listings in major urban centers within the state; it placed advertisements in national media circulating in the forum state; it supplied travel agents located in the forum with promotional materials; infrequently it sent its employees to the forum state for purposes of servicing the travel agents; total dollar volume of ticket sales in the subject state was a maximum of $91,529 for a twelve month period. The airline owned no property within the state nor maintained any offices in the state. Under these facts, the Federal District Court held that the airline was present within the state for purposes of conferring in personam jurisdiction.
The plaintiff relies upon North Dakota v. Newberger (Mont.1980), 37 St.Rep. 1119, 613 P.2d 1002. Suit was instituted against defendant in the Missoula County District Court. Defendant had promoted a rock concert at the University of North Dakota, but because of illness of one of the performers, failed to go ahead with the concert. An action was commenced in Missoula, Montana, for the reason that defendant was engaged in, promoting a subsequent concert at the *38 University of Montana and since defendant had certain monies resulting from that promotion, plaintiff sought to institute the action in Missoula for purposes of acquiring control of those proceeds. The court in Newberger at p. 1123, 613 P.2d 1002 said:
“Appellant purposely avails himself of the privileges and benefits of the laws of this state by conducting his business of promoting rock concerts in Montana and throughout the Northwest. The record reveals that appellant has promoted concerts in Montana prior to the one in Missoula at which the proceeds were attached. As part of his business transactions, appellant also enters into contracts for services to be provided in this state. It is out of a similar and related contract that respondent’s claim for relief or course of action arises... Further, at the time of this action, appellant was in possession of monies or personal property in this state which were alleged to have rightfully belonged to respondent. It was for this reason that respondent chose to file this action in Missoula.
“It appears, therefore, that appellant has ‘minimum contacts’ with this state; appellant was found in Montana, transacts business in Montana, had an interest in proceeds in Montana which were attached, and contracts for services to be provided in Montana. The facts of this case satisfy the requirements of Rule 4B(l)(a), (c) and (e), M.R.Civ.P.”
The record shows that the defendant in Newberger maintained his business in California. However, as indicated in the facts described above, Newberger had physical presence in Montana different from that found in the case before us. Furthermore, the language in Newberger is dictum as the court said at p. 1123, 613 P.2d 1002:
“In any event appellant through his counsel appeared without objection to jurisdiction over his person. He thereby waived any objection under rule 12, M.R.Civ.P.”
There is no contention that traditional concepts of “due process” are offended by the assertion of jurisdiction here. The due process requirements articulated in International Shoe Co. v. State of Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, are satisfied.
*39 The question here is whether defendant’s activities are so substantial, continuous, and systematic that they constitute a physical presence within the State of Montana. We hold that under the facts in this record the defendant, American Airlines, was “found in Montana” for purposes of conferring in personam jurisdiction upon the United States District Court for the District of Montana. We feel that such holding comports with the trend of authority and with the spirit of Rule 4B(1).
MR. JUSTICES HARRISON, SHEA, SHEEHY and WEBER, concur.