No. 86-202

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

COLUMBIA FALLS ALUMINUM CO.,
MONTANA ALUMINUM INVESTORS CORP.,
BRACK DUKER AND JAMES BROUSSARD,

       Plaintiffs and Appellants,

  -vs-

HINDIN/OWEN/ENGELKE, INC.,

       Defendant and Respondent.

APPEAL FROM:  District Court of the Eleventh Judicial District,
             In and for the County of Flathead,
             The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Browning, Kaleczyc, Berry & Hoven; J. Daniel Hoven,
        Helena, Montana
        Murphy, Robinson, Heckathorn & Phillips; C. Eugene
        Phillips, Kalispell, Montana

    For Respondent:

        Murray, Kaufman, Vidal & Gordon; John Gordon,
        Kalispell, Montana

Submitted on Briefs: Sept. 18, 1986

Decided: December 9, 1986

Filed:  DEC 9 - 1986

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs filed a complaint in the Flathead County District Court of the Eleventh Judicial District, based on a contract dispute with Hindin/Owen/Engelke, Inc. (HOE). The District Court dismissed the complaint and an accompanying temporary restraining order on the grounds that it lacked the necessary personal jurisdiction over HOE. We affirm.

The issue is whether the District Court erred in dismissing plaintiffs' complaint on the grounds that it did not have personal jurisdiction over HOE.

HOE is an investment banking firm incorporated in the State of California with offices in California. In California, HOE was approached by plaintiff Duker, a California resident, regarding his attempt to locate a lender to finance the purchase of the aluminum reduction facility located in Columbia Falls, Montana. By contract executed in California, HOE agreed with Mr. Duker to attempt to locate a lender for the venture. On two occasions an officer of HOE traveled from California to Montana to assist prospective lenders in examination of the Columbia Falls plant. The HOE officer was present in the state for several hours on each occasion.

HOE maintains it presented to Mr. Duker two funding commitments from different lenders which met the requirements of the contract. Both commitments were rejected. On November 21, 1985, HOE filed a complaint for damages for breach of contract in the Superior Court of California, County of Los Angeles. On December 9, 1985, plaintiffs filed a complaint in the District Court for the Eleventh Judicial District of Montana and on that date the Montana District Court signed a

temporary order restraining HOE from perfecting service on Columbia Falls Aluminum Co. in the California suit.

On February 5, 1986, the Montana District Court issued an order dismissing the complaint for lack of personal jurisdiction of HOE and dissolved the temporary restraining order. On February 24, 1986, the California Superior Court refused to grant the motion to dismiss of Columbia Falls Aluminum Co. which subsequently filed an answer and cross complaint in that proceeding.

I

Did the District Court err in dismissing Columbia Falls Aluminum Co.'s complaint on the grounds that it did not have personal jurisdiction over HOE?

Rule 4B, M.R.Civ.P., states the rule regarding jurisdiction of persons by Montana courts. Specifically pertaining to this case are Rule 4B(1)(a) and (e), which provide:

> (1) Subject to jurisdiction. All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
>      (a) the transaction of any business within this state;
>  . . .
>      (e) entering into a contract for services to be rendered or for materials to be furnished in this state by such person;

This Court has set out a test to determine when a Montana court may exercise jurisdiction over a nonresident defendant:

> (1) Does the nonresident defendant come within the provisions of Montana's long-arm jurisdiction statutes; and (2) would exercise of long-arm jurisdiction over the nonresident comport with traditional notions of fair play and substantial justice. (Cites omitted.)

3

> If we find, as a matter of statutory construction, that the nonresident does not engage in any of the several activities enumerated in our long-arm statute, then our analysis ends and we must decline jurisdiction. However, even if the nonresident has done something which potentially confers jurisdiction, we must advance to the due process component which is ultimately determinative of the jurisdictional question.

Simmons v. State (Mont. 1983), 670 P.2d 1372, 1376, 40 St.Rep. 1650, 1652-53.

The District Court applied Rule 4B as well as the two part test contained in Simmons when it determined that it would not invoke jurisdiction over HOE. In its analysis of the transaction of business in Montana by HOE under Rule 4B(1)(a), the District Court's order stated:

> HOE has no property in Montana, does not maintain any offices here, and has no agents or representatives in this state. HOE does not advertise in Montana or solicit business in this state.

In its analysis of the nature of the contract for services to be rendered in this state by HOE under Rule 4B(1)(e), the District Court stated:

> Further, the locus of performance of the contract in question here was California. The place of performance of a contract is the place where the obligation being sued upon was to be performed. Whalen v. Snell, 667 P2d 436 at 437 (Mont. 1983). HOE was engaged to locate lenders for Plaintiff Duker's venture. The parties' contract was negotiated and executed in California and HOE's performance efforts were directed from its California office. The contract itself states that it is governed by California law.

The District Court concluded that it did not have personal jurisdiction over HOE under Rule 4B. Under the Simmons rule, the analysis could have stopped there. However, the District Court also considered whether the exercise of long-arm jurisdiction comported with traditional notions of fair play and substantial justice and concluded that under

4

principles of comity and cooperative federalism, the issue should be tried in the California court. While we agree that this case can be best resolved in the California court, we do wish to point out that the Montana court properly had jurisdiction of this matter.

The engagement letter signed with HOE involved a loan for the operation of the Montana aluminum reduction facility in Columbia Falls. The collateral for the operating loan was to be the Columbia Falls facility itself. The HOE representative made two separate trips to Montana with prospective lenders in order to assist in the inspection of the Columbia Falls facilities and also attended business meetings while in Montana. The Columbia Falls Aluminum Co. was the party contemplated to benefit from the financing arrangement. These facts are sufficient to constitute the transaction of business in the State of Montana by HOE. We therefore conclude that the non-resident HOE did engage in sufficient activities to come within the provisions of the Montana statutes as described in Simmons.

We are therefore next required to consider whether the exercise of long-arm jurisdiction comports with traditional notions of fair play and substantial justice. The District Court found that HOE owned no property in Montana and did not maintain Montana offices or have agents or representatives in Montana. HOE did not advertise or otherwise solicit business in Montana. No telephone calls were made by HOE to Montana. The engagement letter was signed in California. HOE was a California corporation and initially was doing business with Mr. Duker, a California resident. A majority of the witnesses to the controversy reside in California. In addition, the agreement itself stated that the governing law is that of the

5

State of California. As did the District Court, we therefore conclude that traditional notions of fair play and substantial justice require a conclusion that the State of California is the better jurisdiction for the trial of the issues in this case. While it might have been appropriate for the Montana court to exercise jurisdiction, considerations of comity persuade us that California should be allowed to exercise jurisdiction in this dispute. As stated in Simmons, comity is defined as:

> "'not a rule of law, but one of practice, convenience, and expediency' (Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 488, 20 S.Ct. 708, 710, 44 L.Ed. 856). It does not of its own force compel a particular course of action. Rather, it is an expression of one state's entirely voluntary decision to defer to the policy of another (Cite omitted). Such a decision may be perceived as promoting uniformity of decision, as encouraging harmony among participants in a system of co-operative federalism, or as merely an expression of hope for reciprocal advantages in some future case in which the interests of the forum are more critical."

Simmons, 670 P.2d at 1385. (Quoting from Ehrlich-Bober & Co. v. University of Houston (1980), 49 N.Y.2d 574, 404 N.E.2d 726, 427 N.Y.S.2d 604.)

We affirm the District Court in its dismissal of the complaint on the grounds that it did not have personal jurisdiction over Hinden/Owen/Engelke, Inc.

_____
Justice

We Concur:

_____
Chief Justice

6

_John Conway Harrison_

_Frank B. Morrison_

_William E. Hunt_

Justices