**Ron OTTO; Aaron Pursley; Little Sharps Rifle Mfg, LLP, Plaintiffs—Appellants,**

v.

**DAKOTA ARMS, INC., Defendant— Appellee.**

No. 04–35941.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2006.

Decided June 16, 2006.

Alan J. Lerner, Esq., Kalispell, MT, Ward E. Taleff, Esq., Taleff Law Office, P.C., Great Falls, MT, for Plaintiffs–Appellants.

Keith Strong, Esq., Dorsey & Whitney LLP, Great Falls, MT, Thomas E. Brady, Esq., Brady & Pluimer, P.C., Spearfish, SD, for Defendant–Appellee.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM *

Appellants Ron Otto, Aaron Pursley and Little Sharps Rifle Manufacturing, LLP (collectively "Sharps") appeal the district court's grant of appellee Dakota Arms, Inc.'s ("Dakota") motion to dismiss for lack of personal jurisdiction. The facts and procedural history are known to the parties and we do not recount them here.

First, Montana lacked general jurisdiction over Dakota because Sharps did not establish that Dakota's contacts with Montana were substantial or continuous and systematic. *See Threlkeld v. Colorado,* 303 Mont. 432, 16 P.3d 359, 361 (2000). Dakota's contacts with Montana are analogous to those in *Bedrejo v. Triple E Canada, Ltd.,* 295 Mont. 430, 984 P.2d 739, 741 (1999), and *Threlkeld,* 16 P.3d at 361, where the Supreme Court of Montana did not exercise general jurisdiction, and are not analogous to those in *Reed v. American Airlines, Inc.,* 197 Mont. 34, 640 P.2d 912, 913–14 (1982), where the Supreme Court of Montana exercised jurisdiction.

Second, Montana lacked specific jurisdiction over Dakota because Sharps's cause of action did not arise from the "transaction of any business within [Montana]." M.R. Civ. P. 4(B)(1)(a). Sharps has failed to prove that the "locus" of the contract was to be performed in Montana. *Compare State ex rel. Goff v. District Court,* 157 Mont. 495, 487 P.2d 292, 294 (1971); *Columbia Falls Aluminum Co. v. Hindin/Owne/Engelke, Inc.,* 224 Mont. 202, 728 P.2d 1342, 1344–45 (1986); *and Spectrum Pool Prods., Inc. v. MW Golden, Inc.,* 291 Mont. 439, 968 P.2d 728, 731 (1998), *with Edsall Constr. Co., Inc. v.*

*Robinson,* 246 Mont. 378, 804 P.2d 1039, 1042 (1991); *Bird v. Hiller,* 270 Mont. 467, 892 P.2d 931, 934 (1995); *and Cimmaron Corp. v. Smith,* 315 Mont. 1, 67 P.3d 258, 261–62 (2003). Sharps's reliance on *B.T. Metal Works v. United Die & Manufacturing Co.,* 323 Mont. 308, 100 P.3d 127, 133 (2004) is misplaced because the defendant in that case developed a custom-made part exclusively for Montana residents.

Third, Montana lacked specific jurisdiction over Dakota because Sharps's cause of action did not arise from the "commission of any act which results in accrual within [Montana] of a tort action." M.R. Civ. P. 4(B)(1)(b). In its opening brief, Sharps argues that the tort allegations "arise from the effect Dakota's actions caused Sharps in Montana;" however, in *Bi–Lo Foods, Inc. v. Alpine Bank,* 287 Mont. 367, 955 P.2d 154, 159 (1998), the Supreme Court of Montana explicitly rejected this argument.

Fourth, Montana lacked specific jurisdiction over Dakota because Sharps's cause of action did not arise from "entering into a contract for services to be rendered or for materials to be furnished in [Montana]." M.R. Civ. P. 4(B)(1)(e). Sharps has failed to prove that unpaid royalty payments are "services" or "materials" under subsection (e).

Because Sharps has failed to establish that Montana possessed general or specific jurisdiction over Dakota, we need not engage in a due process inquiry.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.